UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FARRAH PIRAHANCHI NAZEMI,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A. et al.,<br><br>Defendants. | Case No.: 19-CV-5-CAB-AGS<br><br>**ORDER ON MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>[Doc. No. 17] |

On May 17, 2019, Defendants Wells Fargo Bank, N.A. and the Bank of New York Mellon as Trustee, for the Certificate Holders of the REMIC 16 Trust ("Defendants") filed a motion to dismiss Plaintiff's First Amended Complaint. [Doc. No. 17.] On June 24, 2019, Plaintiff filed an opposition to the motion. [Doc. No. 20.] For the reasons set forth below, the motion to dismiss the First Amended Complaint ("FAC") is **GRANTED**.

BACKGROUND

Plaintiff's original complaint was filed in state court on November 30, 2018, and then removed to federal court by Defendants. [Doc. No. 1.] Plaintiff, who is *pro se*, filed the original complaint on behalf of herself and Monireh Bozorgi. On January 9, 2019, Defendants filed a motion to dismiss the original complaint for failure to state a claim.

1

[Doc. No. 3.] After granting Plaintiff numerous extensions of time to file an opposition to the original motion to dismiss [Doc. Nos. 5 and 7] and conducting a hearing, the Court granted the original motion to dismiss and gave Plaintiff leave to file an amended complaint. [Doc. Nos. 12, 13.] The Court explained to Plaintiff that she could only bring her own claims and, as a *pro se*, could not represent Ms. Bozorgi.

On April 18, 2019, Plaintiff requested an extension of time to file an amended complaint. [Doc. No. 14.] On April 22, 2019, the Court granted Plaintiff's request for an extension of time to file an amended complaint. [Doc. No. 15.] On May 3, 2019, Plaintiff filed an amended complaint, which does not include Ms. Bozorgi as a plaintiff in the caption. [Doc. No. 16.][1]

On May 17, 2019, Defendants filed a motion to dismiss the first amended complaint for failure to state a claim. [Doc. Nos. 17, 18.] Plaintiff's opposition was due on June 7, 2019. On June 24, 2019, seventeen days after it was due, Plaintiff filed an opposition. [Doc. No. 20.]

REQUEST FOR JUDICIAL NOTICE

Defendants request that the Court take judicial notice of the following documents pursuant to Federal Rule of Evidence Rule 201:

☐ **Exhibit A:** Deed of Trust executed by Plaintiff Pirahanchi-Nazemi on November 11, 2005 and recorded on November 29, 2005 in the Official Records of San Diego County at Document No. 2005-1026359;

☐ **Exhibit B:** Notice of Default directed to Plaintiff Pirahanchi-Nazemi and recorded on July 10, 2017 in the Official Records of San Diego County at Document No. 2017-308520.

☐ **Exhibit C:** Declaration of Farrah Pirananchi-Nazemi filed on July 11, 2008 in the U.S. Bankruptcy Court Southern District of California at case no 08-04601-LT7.

[Doc. No. 18.]

---

[1] In the text of the FAC, however, there continues to be reference to "plaintiffs." [Doc. No. 16 at 3.]

At the motion to dismiss stage a court may consider materials incorporated into the complaint or matters of public record, without converting the motion to dismiss into a motion for summary judgment. *Coto Settlement v. Eisenberg.* 593 F.3d 1031, 1038 (9th Cir. 2010) (citation omitted); *United States v. Ritchie*, 432 F.3d 903, 908 (9th Cir. 2003) ("The defendant may offer such a document, and the district court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)."). The Ninth Circuit has extended the "incorporation by reference" doctrine to take into account documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." *Id.*; *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); *see also Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir. 2002); *Parrino v. FHP, Inc*., 146 F.3d 699, 706 (9th Cir. 1998). The court may disregard allegations in a complaint that are contradicted by matters properly subject to judicial notice. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). See also Federal Rules of Evidence 201(b): "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

Exhibits A and B are official public records, the contents and authenticity of which "cannot reasonably be questioned." *See* F.R.E. Rule 201(b)(2). Therefore, the request for judicial notice of Exhibits A and B is **GRANTED**. [2]

DISCUSSION

A. Legal Standard.

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted"—

---

[2] The Court denies without prejudice the request for judicial notice of Exhibit C.

3

19-CV-5-CAB-AGS

generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand . . . more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the collective facts pled "allow . . . the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). The Court need not accept as true "legal conclusions" contained in the complaint, *id.*, or other "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences," *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

Complaints must also comply Federal Rule of Civil Procedure 8, which requires that each pleading include a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). In addition to the grounds for sua sponte dismissal set out in § 1915(e)(2)(B), the district court may also dismiss a complaint for failure to comply with Rule 8 if it fails to provide the defendant fair notice of the wrongs allegedly committed. *See McHenry v. Renne*, 84 F.3d 1172, 1178–80 (9th Cir. 1996) (upholding Rule 8(a) dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"); *Cafasso, United States ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (citing cases

upholding Rule 8 dismissals where pleadings were "verbose," "confusing," "distracting, ambiguous, and unintelligible," "highly repetitious," and comprised of "incomprehensible rambling," while noting that "[o]ur district courts are busy enough without having to penetrate a tome approaching the magnitude of *War and Peace* to discern a plaintiff's claims and allegations.").

B. Insufficiency of Pleading.

Defendant argues that the FAC should be dismissed in its entirety for failure to meet the standard set forth in Fed. R. Civ. P. Rule 8(a)(2) because it does not provide Defendants with fair notice of the grounds upon which Plaintiff's claims rest. [Doc. No. 17-1 at 12.] The Court agrees. Plaintiff's original complaint consisted of a confusing stream of unrelated statements about the mortgage crisis, as well as unrelated legal conclusions. [Doc. No. 1 at 11-136.] It also discussed two separate Notes and two separate Deeds of Trust on two unrelated properties – the Bozorgi Property and the Pirahanchi-Nazemi property -- without differentiating between what claims might be related to which Property. The Court held a hearing and gave Plaintiff clear direction that she could only proceed on her own claims, and that she had to amend the complaint to specify what claims she was bringing against Defendants and explain how the Defendants violated her rights.

The Amended Complaint sheds no light on Plaintiff's claims. The FAC consists largely of a confusing stream of unrelated statements on the alleged payoff of her Loan. [Doc. No. 16 at 2-6.] While the FAC does mention various California statutes, it does not explain how Defendants violated those statutes. Moreover, Plaintiff's references to "constitutional rights" are conclusory and shed no light on how those rights were violated. Therefore, the FAC fails to comply with Rule 8(a)(2).[3]

---

[3] In her opposition, Plaintiff states that she is "working on gathering documents to submit to the honorable court to add to the complaint in defense of subject property." [Doc. No. 20.] However Plaintiff has been given ample opportunity to amend the complaint to state in simple terms how

5

19-CV-5-CAB-AGS

C. Defendants' Right to Begin Foreclosure Proceedings.

The main inference the Court can glean from the FAC is that Defendants somehow have no right to begin foreclosure proceedings. Again, the FAC is void as to specific allegations describing why this would be true. On the other hand, the Deed of Trust (Exhibit A), which has been judicially noticed, identifies Wells Fargo's predecessor (World Savings) as the beneficiary. *See* Doc. No. 18-1; *Campidoglio, LLC v. Wells Fargo & Co.*, 870 F.3d 963, 967 (9th Cir. 2017).

More importantly, however, Plaintiff lacks standing to challenge the validity of the foreclosure documents because she has not alleged facts demonstrating that any document was void – as opposed to merely voidable. The California Supreme Court has held that, post-foreclosure, a borrower has standing to challenge an assignment of deed of trust but only when the defects render the assignment void rather than voidable. *Yvanova v. New Century Mortgage Corp.*, 62 Ca. 4th 919, 939 (2016). "By contrast, a voidable contract or assignment is one that the parties to it may ratify and thereby give it legal force and effect or extinguish at their election." *Id*. "*Yvanova* did not consider ... whether either the assignment of plaintiff's deed of trust to the investment trust after the trust's closing date or the alleged robo-signing of the documents rendered the assignment void, and not merely voidable. That is a legal question, which has been addressed by a number of New York, California, and federal courts." *Id*.

As the California Court of Appeal explained in *Mendoza*, 6 Cal. App. 5th 802, "New York law, as interpreted by an overwhelming majority of New York, California, and federal courts ... provides that defects in the securitization of loans can be ratified by the beneficiaries of the trusts established to hold the mortgage-backed securities and, as a result, the assignments are voidable." *Id*. at 805; *see also Liao v. New Penn Fin., LLC,* 2018 WL 1061718, at *6 (Cal. Ct. App. Feb. 27, 2018) (stating that theory that

---

Defendants have violated any statutes. The Court also explained this requirement to Plaintiff at the hearing on the original motion to dismiss.

assignment was void because loan was not transferred into trust before trust's closing date has "been repeatedly rejected because the defect would not render the assignment to the trust void, but only voidable"); *In re Turner*, 859 F.3d 1145, 1149 (9th Cir. 2017) (holding that untimely assignment of deed of trust to investment trust is voidable, not void). Thus, because the beneficiaries of the Trust could ratify the alleged defect in the assignment of Plaintiff's deed of trust, the assignment was not void. *See Mendoza*, 6 Cal. App. 5th at 805; *In re Turner*, 859 F.3d at 1149.

Other cases decided since *Yvanova* have also held that "any alleged irregularities in the securitization process are merely voidable at the securitized trust beneficiary's behest." *Kalnoki v. First Am. Tr. Servicing Sols., LLC*, 8 Cal. App. 5th 23, 43 (2017); *Saterbak v. JPMorgan Chase Bank, N.A.,* 245 Cal.App.4th 808, 815 (2016). Thus, when borrowers "are not the beneficiaries of the [...] securitized trust, they lack standing to challenge" any "assignment [of the deed of trust] on such grounds." *In re Turner*, 859 F.3d at 1149; *Saterbak*, 245 Cal.App. 4th at 815.

Here, Plaintiff makes no allegations as to whether there was such an assignment and, if so, whether she was a party to it. As an unrelated third party to any such assignment, Plaintiff simply lacks standing to contest it. *Mendoza*, 6 Cal.App.5th at 811; *See also Jenkins v. JP Morgan Chase Bank, N.A.,* 216 Cal.App.4th 497, 514-15 (2013)("As an unrelated third party to the alleged securitization, and any other subsequent transfers of the beneficial interest under the promissory note, [the borrower] lacks standing to enforce any agreements ... relating to such transactions.", *disapproved of on other grounds* and in a post-foreclosure case by *Yvanova*, 62 Cal.4th at 932-33).

D. Other Arguments.

The Court declines to reach Defendants' other arguments (HOLA preemption, statute of limitations, failure to state claims under state statutes, using FAC to seek discovery) in support of the motion.

/ / / / /

/ / / / /

7

19-CV-5-CAB-AGS

## CONCLUSION

For the reasons set forth above, the motion to dismiss the FAC is **GRANTED.** Given that Plaintiff has been given ample opportunity to amend, the Amended Complaint is **HEREBY DISMISSED WITH PREJUDICE**. Judgment shall be entered for Defendants.

**IT IS SO ORDERED**.

Dated: June 28, 2019

Hon. Cathy Ann Bencivengo
United States District Judge