UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FARRAH PIRAHANCHI NAZEMI,<br><br>                            Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A. et al.,<br><br>                           Defendants. | Case No.: 19-CV-5-CAB-AGS<br><br>**ORDER DENYING MOTION TO SET ASIDE**<br><br>[Doc. Nos. 23, 24] |

On July 26, 2019, Plaintiff Farrah Pirahanchi (Nazemi) filed a "Notice of Intention to Move to Set Aside and Vacate and Enter Another And Different Judgment Under Code of Civil Procedure Section 663 in California Motion and Motion to Reconsider; First Amended Complaint; Verified Evidence for Complaint and Fraued [*sic*] trial by jury" ("motion to set aside"). [Doc. No. 23.] On August 2, 2018, Plaintiff filed additional documents in support of the motion to set aside. [Doc. No. 24.] The Court deems the motion to set aside to be a motion for reconsideration of this Court's order of July 1, 2019 [Doc. No. 21] granting Defendants' motion to dismiss. For the reasons set forth below, the motion to set aside is **DENIED**.

1

## DISCUSSION

Although the Federal Rules of Civil Procedure do not expressly authorize a motion for reconsideration, "(a) district court has the inherent power to reconsider and modify its interlocutory orders prior to the entry of judgment …" Posthearing Procedures, *Cal. Prac. Guide Fed. Civ. Pro. Before Trial,* Ch. 12-E, §12:158, *quoting Smith v. Massachusetts*, 543 US 462, 475 (2005). However, reconsideration is an "extraordinary remedy, to be used sparingly." Absent highly unusual circumstances, a motion for reconsideration will not be granted "unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Kona Enterprises, Inc. v. Estate of Bishop,* 229 F3d 877, 890 (9th Cir. 2000)(internal quotes omitted).

Here, Plaintiff has not presented any newly discovered evidence, nor has she shown clear error or an intervening change in the controlling law. *Kona Enterprises, Inc.,* 229 F3d at 890. The only "evidence" Plaintiff points to is a "Discharge of Debtor" from her bankruptcy. [Doc. No. 23 at 13.] However, the fact that Plaintiff was in bankruptcy is not "new." Moreover, a discharge of debtor is not evidence of ownership of the property, nor payment of the debt. The same holds true for the other documents submitted by Plaintiff. [Doc. No. 24.] Therefore, there is no basis upon which to grant reconsideration.

## CONCLUSION

For the reasons set forth above, the motion to set aside is **DENIED**.

**IT IS SO ORDERED.**

Dated: August 6, 2019

_____
Hon. Cathy Ann Bencivengo
United States District Judge